**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                                       **CASE NO: 6:18-cr-40-Orl-31DCI**

**CHRISTIAN ROMAN**

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss/*In Limine* (Doc. 15) and the Government's response (Doc. 18). An evidentiary hearing was held on June 21, 2018 and July 6, 2018.

Shortly after 1 p.m. on February 24, 2017, the victim in this case passed through the West security checkpoint at the Orlando International Airport. The victim, who was in a wheelchair and being assisted by a skycap, neglected to retrieve her carry-on bag, which had been set aside for secondary screening. When the carry-on bag's owner could not be located, it was taken by TSA to the lost and found area at the checkpoint. Sometime later, the skycap retrieved it from lost and found and returned it to the victim. The victim then noticed that a jewelry bag was missing from inside the carry-on. After the victim complained, TSA investigated the incident by viewing footage from a number of video cameras covering different areas in and around the checkpoint.

At the time the jewelry bag went missing, the Defendant was a TSA agent assigned to the East security checkpoint. The video footage shows him entering the West security checkpoint shortly after the victim departed. He is seen approaching the lost and found area, handling the

victim's carry-on bag, and taking something out of it. He is then seen departing with an object identified (by the victim) as her jewelry bag.

To portray this sequence of events at trial, TSA Agent Rosado pieced together footage from several cameras. The total episode on video spans a period of about 30 minutes. (Govt. X-1). Unfortunately, in the process of making this composite video, a two-minute segment focused on the lost and found area, showing the victim's carry-on bag, was inadvertently deleted. However, prior to the deletion of this two-minute segment, the TSA agents reviewing the footage together took screen shots from it. These screen shots clearly show the Defendant handling the carry-on bag. (Govt. X-2). According to the testimony of the TSA agents who viewed the missing segment, no one other than Defendant touched the carry-on bag while it was at lost and found.

On February 28, 2018, Defendant was charged by information with stealing the jewelry bag. (Doc. 1). By his motion, Defendant seeks dismissal of the information or exclusion of the video evidence because of the missing segment. Defendant contends that the introduction of the remaining video footage would violate his constitutional right to due process, because the TSA agents "destroyed" the two-minute segment of what he characterizes as exculpatory evidence. However, the testimony of the TSA agents involved with the video editing shows that the missing clip was inadvertently deleted, not destroyed, and those agents' testimony and the screen shots show that the missing footage is inculpatory, not exculpatory.

To prevail on this motion, the Defendant would need to show that the deleted footage was likely to significantly contribute to his defense – that it possessed exculpatory value that was apparent before the deletion, and that it was of such a nature that he would unable to obtain comparable evidence by other reasonably available means. *United States v. Revolorio-Ramo,* 468 F.3d 771, 774 (11th Cir. 2006). Failure to preserve potentially useful evidence does not violate

the Due Process Clause unless the defendant can show bad faith on the part of the police. *Id.* Defendant has made no such showings here. Accordingly, it is

      **ORDERED** that Defendant's motion is **DENIED**.

      **DONE** and **ORDERED** in Orlando, Florida on July 11, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant